UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JASON HINDMAN,<br><br>Defendant. | CASE NO. CR10-5269RSM<br><br>ORDER DENYING CORAM NOBIS PETITION |

This matter comes before the Court on Defendant Hindman's petition for post-conviction relief through the writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). Dkt. #52. This petition is based on a change in the law in 2019. *Id*. at 3 (citing *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019); *United States v. McAdory*, 935 F.3d 838 (9th Cir. 2019); and *Rehaif v. United States*, 588 U.S. 225 (2019)). The Government opposes. Dkt. #58.

"A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. 342, 345, n.1. (2013). "[T]he writ of coram nobis is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007). To qualify, the defendant must establish: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse

ORDER DENYING CORAM NOBIS PETITION – 1

consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Id*. (citation omitted). "Because these requirements are conjunctive, failure to meet any one of them is fatal." *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002). The writ's availability is limited "to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (citation omitted).

The Government concedes that Mr. Hindman's petition satisfies the first and third factors above. *See* Dkt. #58 at 7. However, the Government argues it should be denied as untimely.

While coram nobis petitions are not subject to "a specific statute of limitations," a defendant who delays must "provide valid or sound reasons explaining why [he] did not attack [his] sentence[] or convictions earlier." *United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). And it is the defendant's burden "to demonstrate that h[is] delay was reasonable." *Riedl*, 496 F.3d at 1009. Thus, if a defendant "reasonably could have asserted the basis for [his] coram nobis petition earlier, [he] ha[s] no valid justification for delaying pursuit of that claim." *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020). And if a defendant unjustifiably delays in challenging his conviction, coram nobis relief is unavailable. *See id.*; *Riedl*, 496 F.3d at 1006-07. By contrast, if the defendant "did not have a reasonable chance to pursue [his] claim earlier due to the specific circumstances [he] faced, delay during the time when such circumstances existed may be justified." *Kroytor*, 977 F.3d at 961. The Ninth Circuit has held that a defendant who "waited two years" to seek coram nobis relief after learning that the only way to avoid mandatory removal was to seek to have his conviction vacated could not establish that his coram nobis petition was timely. *Kroytor*, 977 F.3d at 962-63 (citing *Ragbir v. United States*, 950 F.3d

ORDER DENYING CORAM NOBIS PETITION – 2

54, 65 (3d Cir. 2020)). And that was true even though the petition in that case offered an understandable reason for the delay: legal uncertainty about whether the rule announced by the Ninth Circuit under which the defendant sought relief was retroactive. *Id*.

The Government first argues that Mr. Hindman's delay should be counted as five years between the 2019 change in law and filing this petition, clearly untimely under the above law. Dkt. #58 at 8. Hindman asserts that his status as a lay person should excuse the delay between 2019 and 2023 because he was unrepresented and "ha[d] no reason to know (or to have an understanding) of the complex developments resulting from *Valencia-Mendoza*, *McAdory*, and *Rehaif*, or their application to his case." Dkt. #52 at 6. The Government pushes back on this, stating that "ignorance of the law is not, itself, a circumstance warranting equitable tolling" and that "even if Hindman's purported ignorance of the legal basis for his current claim could excuse some delay, there must be limits." Dkt. #58 at 9 (citing *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.1 (9th Cir. 2009)).

Even if the Court were to disagree about the above, the Government correctly points out that Mr. Hindman has been represented by counsel since February 2023, when he was first charged in Case 2, and yet he waited until March 2025—a delay of over two years—to file his coram nobis petition. This is same period of delay that *Kroytor* found fatal to the defendant's coram nobis petition. Mr. Hindman asserts that his counsel at the time simply missed this issue, Dkt. #52 at 7. *Kroytor* again seems on point, finding that a delay caused by defense counsel being uncertain whether or not the law supported filing a coram nobis petition was not justified and did not warrant equitable tolling. 977 F.3d at 963. The Government also highlights the 14-month delay between the Government pointing out the effect of *McAdory* in this case to defense counsel and Hindman filing the instant petition. *See* Dkt. #58 at 10.

ORDER DENYING CORAM NOBIS PETITION – 3

The timeliness of this petition is a threshold issue. The Court ultimately agrees with the Government on every point above. Mr. Hindman's petition is either very untimely or it is simply untimely, depending on whether the Court begins counting from 2019 or 2023. There are no compelling reasons for equitable tolling, and the case law cited by both parties leads to only one conclusion. This petition is properly dismissed as untimely.

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Coram Nobis petition, Dkt. #52, is DENIED.

DATED this 14th day of July, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE